UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CORNELL HENERY** | **CIVIL ACTION NO. 12-cv-1992** |
| | **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **CALCASIEU CORRECTIONAL** | |
| **CENTER MEDICAL STAFF, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Plaintiff, Cornell Henery, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 23, 2012. On April 9, 2013, this court issued a Memorandum Order [doc. 9] instructing plaintiff to provide additional information in support of his complaint. Plaintiff was instructed to respond to the order by May 9, 2013. As of this date, plaintiff has not complied with the court's order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

As previously stated, plaintiff has failed to comply with an order of this court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of September, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE